IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

vs.                                             Case No. 05-10253-JTM

BYRON D. FITCHPATRICK,
MANJUR ALAM,
SHATANYA DOUGLAS a/k/a SHATANYA
FITCHPATRICK,
PHILLIP FISH,
KATHLEEN FITCHPATRICK,
DEVERELL D. JONES, and
DEMOND REED,

Defendants.

## MEMORANDUM AND ORDER

This matter comes before the court on the defendants' motions to sever (Dkt. Nos. 55, 58, 61, and 65). Defendants Kathleen Fitchpatrick, Manjur Alam, Phillip Fish, and Shatanya Douglas have each filed motions to sever his or her case. Defendant Kathleen Fitchpatrick wishes to have her case severed from co-defendants Byron Fitchpatrick and Shatanya Fitchpatrick. Defendant Manjur Alam wishes to have his case severed on Counts 1-5 of the Superceding Indictment, charges which involve only Byron Fitchpatrick. Defendants Phillip Fish and Shatanya Douglas wish to have their respective cases tried individually. The government consents to separating this case into two trials based on the charges in the count but disagrees on severing the remaining defendants. After reviewing the parties' arguments, the court severs this

case as set forth herein.

Federal Rules of Criminal Procedure Rule 8 provides that "two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transactions constituting an offense or offenses."  Defendants charged jointly under Rule 8 are not entitled to separate trials as a matter of right, but rather the court must determine whether joinder is appropriate based on the facts and circumstances of each case. United States v. Villota-Gomez, 994 F. Supp. 1322, 1336 (D. Kan. 1998).  See United States v. Bailey, 952 F.2d 363, 364-65 (10th Cir. 1991).

Under Federal Rules of Criminal Procedure Rule 14, the court may sever properly joined defendants.  The Rule permits the severance where joinder is prejudicial.  In relevant part, it provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).  Whether to grant a severance is within the sound discretion of the trial court.  United States v. Heath, 580 F.2d 1011 (10th Cir. 1978), cert. denied, 439 U.S. 1075, 99 S.Ct. 850, 59 L.Ed.2d 42 (1979).  A trial court may grant a severance if joinder will prejudice either the defendant or the government.  United States v. Strand, 617 F.2d 571, 575 (10th Cir. 1980) citing United States v. Herring, 582 F.2d 535 (10th Cir. 1978).  To obtain a severance, a defendant must show clear prejudice resulting from joinder at trial. United States v. Bridwell, 583 F.2d 1135 (10th Cir. 1978).  In determining the merits of the motion, "the trial court must balance two competing interests by weighing the prejudice to a particular defendant caused by

the joinder against the considerations of economy and expedition in judicial administration."
United States v. Pack, 773 F.2d 261, 266 (10th Cir. 1985) citing United States v. Walton, 552
F.2d 1354 (10th Cir.1977), cert. denied, 431 U.S. 959, 97 S.Ct. 2685, 53 L.Ed.2d 277 (1977).
The fact that severance would improve chances for acquittal is not sufficient.  United States v.
Campanale, 518 F.2d 352 (9th Cir. 1975), cert. denied, 423 U.S. 1050, 96 S.Ct. 777, 46 L.Ed.2d
638 (1976).

    "Multiple defendants may be charged jointly in the same indictment upon the allegations
that the defendants engaged in the same acts or series of transactions which constitute the offense
of conspiracy."  Pack, 773 F.2d at 266 (citations omitted).  See also Fed. R. Crim. P. 8(b).  In
conspiracy cases, the general rule is that persons indicted together should be tried together.  Pack,
773 F.2d at 266. United States v. Beathune, 527 F.2d 696 (10th Cir. 1975), cert. denied, 425 U.S.
996, 96 S.Ct. 2211, 48 L.Ed.2d 821 (1976).   However,"[t]he Supreme Court has emphasized that
trial courts have 'a continuing duty at all stages of the trial to grant a severance if prejudice does
appear.' " Villota-Gomez, 994 F.Supp. at 1337 citing United States v. Peveto, 881 F.2d 844, 857
(10th Cir. 1989), cert. denied, 493 U.S. 943, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989) (quotation
omitted).

    Applied here, the court finds that this case should be separated into two trials with Counts
1-5 constituting one trial and Counts 6-13 constituting a second trial.  Since the first five counts
relate to drug charges submitted only against defendant Byron Fitchpatrick, severing these counts
for trial purposes is in the interest of all parties.  It will reduce prejudice to the remaining
defendants, who may not have had direct knowledge of the alleged drug activities.

    As to defendant Alam's motion, the court grants defendant's motion to sever on the first

3

five counts as already set forth above.  The court, however, rejects defendant Alam's argument

that he was not a part of the family of conspirators.  Defendant was involved in several

transactions involving various co-defendants, and his lack of familial ties does not reduce the

allegations of his involvement.  Judicial efficiency encourages the court to deny Alam's

severance in a trial relating to Counts 6-13.  Any prejudice may be cured with the appropriate

jury instructions.

As to defendant Kathleen Fitchpatrick's and Shatanya Douglas' motions to sever, the

court also denies these motions for several reasons.  These defendants have not shown how

specifically their rights will be prejudiced in a joint trial.  Fed. R. Crim. P. 14(a).  In conspiracy

cases, multiple defendants are often charged together, and the court generally follows the rule

that persons indicted together will be tried together.  With proper jury instructions, any prejudice

to the defendants will be reduced.  In the interest of judicial efficiency, the court finds that a joint

trial is appropriate. While defendant Kathleen Fitchpatrick notes that being tried with her son and

daughter-in-law will create an "antagonistic" trial atmosphere, this is not enough to overcome the

presumption of joinder.  United States v. Linn, 31 F.3d 987, 992 (10th Cir. 1994).

The court also denies defendant Phillip Fish's motion for severance.  Defendant Fish

claims he has no personal relationship with the other defendants and only a few discovery

documents relate to him.  These factors do not provide a sufficient basis for severance.  Villato-

Gomez, 994 F. Supp. at 1336 (citations omitted) (noting that "a complaint that the 'spillover

effect' from the evidence that was overwhelming or more damaging against the co-defendant

than the evidence against the moving party is insufficient to warrant severance.").  "Rule 14 does

not compel severance even when the risk of prejudice is shown, for the trial court still retains the

4

discretion to create a remedy which will abate the risk of prejudice." Id. at 1338 citing Zafiro, 113 S.Ct. at 938, 122 L.Ed.2d at 325.  The court finds that jury instructions will provide defendant with adequate protection.

IT IS ACCORDINGLY ORDERED this 25th day of April 2006, that the court denies defendant Phillip Fish's Motion to Sever (Dkt. No. 55).

IT IS FURTHER ORDERED that the court denies defendant Kathleen Fitchpatrick's Motion to Sever (Dkt. No. 58) and defendant Shatanya Douglas' Motion to Sever (Dkt. No. 65).

IT IS FURTHER ORDERED that the court grants in part and denies in part defendant Manjur Alam's Motion to Sever (Dkt. No. 61).

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE